IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Gregorio Natael Fuentes Ramirez, individually and on behalf of other similarly situated employees, Plaintiff
v.
Bangkok Video and Grocery, Inc. dba Gorilla Sushi Bar, and Suthamas Tetiwat, Defendants

## COMPLAINT

Gregorio Natael Fuentes Ramirez ("Plaintiff"), individually, and on behalf of other employees similarly situated, pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA") and 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), complains against Bangkok Video and Grocery, Inc. dba Gorilla Sushi Bar, and Suthamas Tetiwat (collectively, "Defendants"), and states:

### Introduction

1. This lawsuit arises from Defendants' violations of the overtime and minimum wage provisions of the FLSA and IMWL at Defendants' restaurants.

2. Defendants operate a restaurant commonly known as "Gorilla Sushi Bar" located at 4617 N. Clark St., Chicago, IL 60640.

3. Plaintiff is a former employee of the Defendants and was not paid his earned overtime and minimum wages as required by the FLSA and IMWL. Instead, Defendants maintained and enforced a policy of paying Plaintiff a weekly cash salary in an effort to conceal Defendants' obligation to pay Plaintiff his earned overtime and minimum wages.

**Jurisdiction and Venue**

4. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiff's FLSA claims.

5. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiff's state claims.

6. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**Facts**

7. Defendants owned and operated their restaurants within the three years preceding the filing of this complaint.

8. Each Defendant is an enterprise under 29 U.S.C. § 203(r)(1).

9. Each Defendant is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

10. Defendants' annual gross sales were $500,000.00 or more during the last three years.

11. Defendants acted as a joint enterprise throughout Plaintiff's employment.

12. Suthamas Tetiwat resides in and is domiciled in this judicial district.

13. Suthamas Tetiwat is the owner of Gorilla Sushi Bar and is involved in the day-to-day business operations of Gorilla Sushi Bar and has or had the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures during the relevant employment period.

14. Defendants were Plaintiff's employer as defined by the FLSA and IMWL.

15. Plaintiff was Defendants' employee as defined by the FLSA and IMWL.

16. Defendants failed to maintain and preserve records of all hours that Plaintiff worked.

17. Defendants failed to maintain and preserve records of all wages they paid to Plaintiff.

18. Plaintiff worked for Defendants from approximately October 2015 to April 2017.

19. Plaintiff worked as a cook during the relevant employment period.

20. Plaintiff worked up to 70 hours weekly during the relevant employment period.

21. Defendants paid Plaintiff a weekly cash salary during the relevant employment period.

## COUNT I: FLSA Overtime Wage Violation

22. Plaintiff incorporates all paragraphs above as if fully restated below.

23. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

24. Plaintiff was directed by Defendants to work more than forty (40) hours per week.

25. Throughout the course of Plaintiff's employment with Defendants, Plaintiff worked more than forty (40) hours weekly in one or more individual work weeks.

26. Defendants did not pay Plaintiff overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

27. Plaintiff's wages were not based on the number of jobs performed or completed.

28. Plaintiff's wages were not based on the quality or efficiency of Plaintiff's job performance.

29. Plaintiff was not exempt from the overtime provisions of the FLSA.

30. Defendants' failure to pay overtime violated the FLSA.

31. Defendants' FLSA violation was willful because they maintained a scheme of paying Plaintiff a weekly cash salary for all hours worked in an effort to conceal the obligation to pay Plaintiff his earned overtime wages.

32. Plaintiff is entitled to unpaid overtime wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for earned unpaid overtime wages;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT II: IMWL Overtime Wage Violation

33. Plaintiff incorporates all paragraphs above as if fully restated below.

34. This Count arises from Defendants' failure to pay Plaintiff all earned overtime wages.

35. The IMWL requires that employers pay a non-exempt employee one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per week.

36. Defendants directed Plaintiff to work more than forty (40) hours in individual work weeks.

37. Plaintiff worked more than forty (40) hours in individual work weeks.

38. Defendants did not pay earned overtime wages to the Plaintiff.

39. Plaintiff was not exempt from overtime wages.

40. Defendants violated the IMWL by failing to pay Plaintiff his earned overtime wages.

41. Plaintiff is entitled to unpaid overtime wages for three years before this lawsuit's filing regardless of whether the Defendants' violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have violated the IMWL;

B. Enter a judgment in favor of Plaintiff for owed unpaid overtime wages;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

## COUNT III: FLSA Minimum Wage Violation

42. Plaintiff incorporates all paragraphs above as if fully restated below.

43. Plaintiff's notice of consent to become a party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A.

44. Plaintiff was directed by Defendant to work each week to the Defendant's benefit.

45. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

46. Plaintiff was not exempt from the minimum wage provisions of the FLSA.

47. Plaintiff's weekly salary, divided by the number of hours he worked each week, rendered Plaintiff's regular rate below the Illinois minimum wage rate.

48. Plaintiff's regular rate was below the Illinois minimum wage rate for each week.

49. Defendant's failure to pay minimum wages violated the FLSA.

50. Defendants' FLSA violation was willful because they maintained a scheme of paying Plaintiff a weekly cash salary for all hours worked weekly

51. Plaintiff is entitled to unpaid minimum wages for the three years before this lawsuit's filing.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare Defendant to be in violation of the FLSA;

B. Determine that this action may be maintained as a FLSA collective action;

C. Enter a judgment in favor of Plaintiff and other similarly situated employees for the difference between the regular rate paid by Defendants and the Illinois minimum wage rate;

D. Award liquidated damages, reasonable attorneys' fees, and costs; and

E. Grant any other relief this Court deems appropriate.

## COUNT IV: IMWL Minimum Wage Violation

52. Plaintiff incorporates all paragraphs above as if fully restated below.

53. This Count arises from Defendant's failure to pay Plaintiff all earned minimum wages.

54. The IMWL requires that employers pay a non-exempt employee at least the Illinois minimum wage rate of $8.25 per hour.

55. Plaintiff was directed by Defendant to work each week to the Defendant's benefit.

56. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

57. Plaintiff was not exempt from the minimum wage provisions of the IMWL.

58. Plaintiff's weekly salary, divided by the number of hours he worked each week, rendered Plaintiff's regular rate below the Illinois minimum wage rate.

59. Defendant's failure to pay Plaintiff at least the Illinois minimum wage rate violated the IMWL.

60. Plaintiff is entitled to unpaid minimum wages for the three years before this lawsuit's filing regardless of whether the Defendant's violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendant have violated the IMWL;

B. Enter a judgment in favor of Plaintiff and other similarly situated employees for the difference between the regular rate paid by Defendants and the Illinois minimum wage rate;

C. Award damages pursuant to 820 ILCS § 105/12(a) and 815 ILCS § 205/2; and

D. Grant any other relief this Court deems appropriate.

## COUNT V: Chicago Minimum Wage Ordinance Violation

61. Plaintiff incorporates all paragraphs above as if fully restated below.

62. This count arises from Defendant's failure to pay Plaintiff the City of Chicago-mandated minimum wage rate of at least $10.00 per hour in individual work weeks after July 1, 2015 and at least $10.50 per hour in individual work weeks after July 1, 2016.

63. Plaintiff was directed by Defendant to work each week to the Defendant's benefit.

64. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of job performance.

65. Plaintiff was not exempt from the minimum wage provisions of the Chicago minimum wage ordinance.

66. Plaintiff's weekly salary, divided by the number of hours he worked each week, rendered Plaintiff's regular rate below the Chicago minimum wage rate.

67. Defendant's failure to pay Plaintiff at least the Chicago minimum wage rate violated the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110.

68. Plaintiff is entitled to unpaid minimum wages in accordance with the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110 after July 1, 2015 regardless of whether the Defendant's violation was willful or not.

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendant have violated the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110;

B. Enter a judgment in favor of Plaintiff and other similarly situated employees for the difference between the regular rate paid by Defendants and the Chicago minimum wage rate;

C. Award damages and attorneys' fees and costs; and

D. Grant any other relief this Court deems appropriate.

Respectfully submitted on Friday, April 28, 2017.

_____
**Valentin T. Narvaez**
Plaintiff's counsel
**Consumer Law Group, LLC**
6232 N. Pulaski Rd., Suite 200
Chicago, IL 60646
Direct: 312-878-1302
vnarvaez@yourclg.com